IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HSFRF 3 and HUDSON HOMES MANAGEMENT, <br><br> Plaintiffs, <br><br> v. <br><br> JAMAILA COOKS, and All Other Occupants, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:23-CV-1298-CAP-JSA <br><br><br><br><br><br><br><br><br><br> **ORDER AND FINAL REPORT AND RECOMMENDATION** |

Defendant Jamaila Cooks, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that she is unable to pay the filing fee or incur the costs of this action. The requirements of 28 U.S.C. § 1915(a)(1) are thus satisfied and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action and Defendant is allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). Thus,

the undersigned must examine Defendant's "Notice of Removal Pursuant to 28 U.S.C. 1466(D)" [1-1] ("Notice of Removal") to determine whether this Court has jurisdiction over this action. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant contends in the Notice of Removal that this Court has jurisdiction over this action because "[r]emoval is proper where actions are in violation of claims brought under the Federal Fair Debt Collection Practices Act (FDCPA)." Notice of Removal [1-1] at ¶ 1. Defendant also appears to be asserting a counterclaim against Plaintiff under 42 U.S.C. § 3631. *See id*. Thus, it appears that Defendant contends that this Court has jurisdiction on the basis of a federal question pursuant to 18 U.S.C. § 1331. The Court has reviewed the record and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That

rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936).

The Court has reviewed the record and determined that Defendant has not established federal question jurisdiction under 28 U.S.C. § 1331 such that removal would be proper. Defendant's Notice of Removal does not appear to contend that Plaintiffs have asserted any federal claims in the subject state-court action. Rather, it appears that the action filed by Plaintiffs in the Magistrate Court of Henry County is a dispossessory action to remove Defendant as a tenant, a proceeding that is governed by state law which does not typically implicate federal law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Defendant has not identified any federal question raised in this dispossessory action that would allow removal to this Court under 28 U.S.C. § 1441.

To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes or the federal Constitution, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Citimortgage*, 705 F. Supp.2d

at 1381 ("If a federal question is not presented on the face of the complaint, 'it is no substitute that the defendant is almost certain to raise a federal defense.' Thus, it is immaterial that [defendant] alleges that his constitutional rights have been violated." (quoting *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961))); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

To the extent that Defendant alleges diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). In this case, Defendant states that she is a resident of Henry County, Georgia and does not claim to be a citizen of any other state. *See* Civil Cover Sheet [1-2] at 1. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County. As this is a Final Report and Recommendation, there is

nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 28th day of March, 2023.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE